1

2

3

4

5

UNITED STATES DISTRICT COURT

6    WESTERN DISTRICT OF WASHINGTON

7    AT SEATTLE

8    MICHAEL ORR ,

9                              Plaintiff,                    CASE NO. 2:20-cv-01235-RSM-BAT

10            v.                                             **REPORT AND**
                                                            **RECOMMENDATION**
11    SEATAC FEDERAL DETENTION, et al.,

12                              Defendants.

13         Plaintiff Michael Orr is presently confined at the Federal Detention Center SeaTac

14    ("FDC"). On August 17, 2020, he filed a motion for a temporary restraining order ("TRO") and a

15    preliminary injunction seeking immediate release from the Special Housing Unit ("SHU") and

16    alternatively directing the FDC to provide him access to the telephone and law library for 2.5

17    hours each day. Dkt. 1. Plaintiff did not file a verified complaint with his motion and did not

18    submit a sufficient application to proceed in forma pauperis. The Clerk of Court advised

19    plaintiff:

20         The proper IFP form was not submitted. Enclosed please find the correct IFP
           form to be filled out in full and returned to the Court. The proper Complaint form
21         was not submitted. Please find enclosed the correct Complaint form to be filled
           out in full and returned to the Court.
22

23    Dkt. 2. The Clerk of Court also advised plaintiff he must cure the deficient in forma pauperis

application and submit a complaint, or the matter may be dismissed. *Id.*

REPORT AND RECOMMENDATION - 1

On August 26, 2020, plaintiff filed a letter that stated:

> I'm not filing a 18 U.S.C. 1983 complaint civil suit serves no point my deadline
> for my motion is 9-24-20 and I'm being denied access to the law library on the
> phone to assist me I included the print out of my current account that I got from
> my counselor if shows not sufficient please give me what I need because I really
> in a rock and hard place at the moment.

Dkt. 3. Plaintiff, however, did not submit a completed IFP application or a complaint using the forms the Clerk provided him in August. Consequently, on September 10, 2020, the Court advised plaintiff he is not entitled to proceed unless he submitted a sufficient IFP application or paid the filing fee and directed plaintiff to submit the application form he was provided as soon as possible. Dkt. 4. As of this date, the Court has not received a sufficient IFP application using the form the Clerk provided or a complaint from plaintiff.

## DISCUSSION

Plaintiff seeks a preliminary injunction or TRO on the grounds he is currently confined in the Special Housing Unit (SHU), and that due to the CORONA-19 virus, no movement or transports within the FDC are occurring. Plaintiff alleges he submitted an "Inmate Request to Staff" form and was informed by the FDC he is housed in the SHU due to a "scoring error" and that inmates in SHU are limited to two phone calls every thirty days and have no access to the FDC law library. Plaintiff alleges because he is a detainee who is scheduled to be transferred to a United States Penitentiary, he should be housed in a general population unit and have access to the law library for 2.5 hours every day and telephone access for 500 minutes every thirty days. Due to the limitations on phone and library access, plaintiff alleges he is being denied access to his lawyer to prepare legal materials for a resentencing motion and collateral review, all of which are due on September 24, 2020.

For the reasons below, the Court recommends the motions for a TRO and a preliminary injunction be denied and the matter be closed.

Generally, the Court may not issue a preliminary injunction without notice to the opposing party. *See* Federal Rule of Civil Procedure 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). However, the Court may grant a TRO without notice to the opposing party under Rule 65(b), but only if:

1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and

2) the [movant] certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

If plaintiff seeks injunctive or TRO relief from the Court, he must set forth an adequate basis. *See, e.g., Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376 (2008). In specific,  to prevail on a motion for injunctive relief, any issues raised in any such motion must be related to the issues raised in a complaint and the movant must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 381.

The standard that governs the issuance of a preliminary injunction is "substantially identical" to the standard that governs the issuance of a temporary restraining order. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also Lockheed Missile & Space Co. ., Inc. v. Hughes Aircraft C*o., 887 F. Supp. 1320, 1323

(N.D.Cal.1995) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

Here, plaintiff alleges in a conclusory manner that the limitations of which he complains prejudices his ability to prepare post-conviction challenges to his federal sentence. The conclusory nature of his allegations is insufficient. Moreover, plaintiff also alleges he is represented in his post-conviction challenges by counsel with whom he would like to confer. The fact plaintiff is represented by counsel cuts against the likelihood he will suffer irreparable injury if relief is not granted because counsel ostensibly is performing the necessary legal work needed to timely file plaintiff's post-conviction motions and petitions for collateral relief.

As plaintiff has presented insufficient grounds to support the grant of preliminary relief his motion fails. Also, plaintiff has failed to submit a sufficient application to proceed IFP and a complaint, despite requests that he do so, and this is another reason relief should be denied.

**CONCLUSION**

The undersigned recommends that Plaintiff's request for a preliminary injunction or TRO (Dkt. 1) be **DENIED**, and the matter be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

However, plaintiff may file objections to this Report and Recommendation. Any objections to this Recommendation must be filed no later than **Friday, October 8, 2020**. The Clerk should note the matter for **October 9, 2020** as ready for the District Judge's consideration.

REPORT AND RECOMMENDATION - 4

Objections shall not exceed five pages.  The failure to timely object may affect the right to appeal.

DATED this 24ᵗʰ day of September, 2020.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5